## LAKEWOOD LUMBER CO v WEISS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12821. Decided May 8, 1933

Bulkley, Hauxhurst, Jamison and Sharp, Cleveland, for plaintiff in error.
Simon Amdur, Cleveland, for defendant in error.

LIEGHLEY, PJ.

Without extending this brief opinion by discussion of the authorities, counsel for plaintiff and defendant have cited the following:

1 Ohio Jurisprudence, page 938, §12.
Fullerton v Sturgis, 4 Oh St 530.
Dick v Hyer, 94 Oh St 351, Syl. 3.

510

Sturgis v Williams, 9 Oh St 444-450.

Marshall v Wilhite, 4 C.C. 203.

When the plaintiff rested the defendant moved for judgment on the ground that the plaintiff failed to show that the alteration was with the knowledge and consent of the defendant endorser, which motion was granted.

The question for decision is who has the burden of proof in respect to this alteration. Must the plaintiff, as a part of its case, establish under the circumstances of this case that the defendant endorser authorized, knew of, and consented to the alteration on the note as to the place of payment, or does the burden rest upon the defendant under the facts of this case to establish that he did not know of and consent thereto.

We believe that the answer depends largely upon when the alteration was made, whether before or after execution and delivery, and upon what is meant by delivery in a legal sense.

Mr. Spring first delivered this note executed and unchanged to Mr. Cull, who refused to accept it in the form executed. The note was returned to Mr. Spring for one change or another without which the plaintiff would not accept the note in payment and without acceptance there would be no legal delivery. In the first instance there was a manual delivery of the note to Mr. Cull, but there was not an effective delivery in the legal sense, for the same was not accompanied with acceptance in satisfaction of the agreement theretofore entered into between the parties and in satisfaction of the debt it represented. There was no execution and delivery of this note in a legal sense until the second manual delivery of possession of the note, when it was accepted in payment. If the instrument be materially altered after delivery and acceptance, the burden would rest on plaintiff to prove knowledge and consent of an endorser thereto. If the defendant establishes that he did not know of or consent to this alteration before final delivery and acceptance, another situation is presented with legal consequences not now before us for decision.

The case of Marshall v Wilhite, supra, cited by defendant, discloses an alteration of a note after its execution and effective delivery to the payee.

We think the authorities cited sustain the view above expressed by us.

To hold otherwise would place the burden upon Mr. Cull upon the delivery of the altered note to him by Mr. Spring to make diligent inquiry to ascertain whether the endorser had consented to the alteration as to place of payment before acceptance. It would also mean a finding that attorney Spring or someone in his behalf or the Rosemede Farms, Inc. by its officer, or someone in his behalf, or a stranger, had committed an unauthorized act. The note was delivered to Mr. Cull by the authorized attorney and representative of the debtor in the form in which it was finally accepted, and in the form he agreed to accept it, and Mr. Cull had a right to assume that the debtor and his attorney had made the alteration in accordance with honest business methods and had complied with all legal requirements.

We are impressed with the language quoted in the briefs, without quoting same herein, from the case of **Franklin v Baker, 48 Oh St 307,** which announces the theory in impressive language that business must be done upon the assumption that men are honest—and rogues the exception—in their business dealings.

Under the state of the proof as shown by the bill of exceptions, we find that it was error in the court to grant the motion for judgment for the defendant at the close of plaintiff's evidence, for the reason that the burden of proof of showing that the defendant consented and knew of the alteration did not rest upon the plaintiff under the facts in this case, and for that reason the case is reversed and cause remanded without exceptions.

LEVINE and McGILL, JJ, concur in judgment.